| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| (12) JANE IVISON GILL, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's Appeal of Order of Detention, which the Court construes as a Motion to Revoke or Amend the Detention Order. [Doc. 118].

**I.    PROCEDURAL BACKGROUND**

On August 3, 2021, the Defendant was charged in a multi-defendant Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846; one count of possessing with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing with intent to distribute a quantity of

methamphetamine, and aiding and abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [Doc. 3].

On August 16, 2021, the Defendant's initial appearance was held, at which time the Honorable W. Carleton Metcalf, United States Magistrate Judge, appointed counsel. On August 18, 2021, the Defendant's arraignment and detention hearing was held. After reviewing the evidence presented by the parties, as well as the arguments of counsel, Judge Metcalf found that there was clear and convincing evidence that the release of the Defendant would create a serious risk of harm or danger to the safety of the community. He further found, by a preponderance of the evidence, that the release of the Defendant would create a risk of flight. Accordingly, Judge Metcalf ordered the Defendant to be detained pending trial. [Doc. 111]. This appeal followed. [Doc. 118].

## II.  STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, … the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order <u>de novo</u>. <u>United States v. Stewart</u>, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." <u>Id.</u>

**III. ANALYSIS**

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a presumption of detention, rebuttable by the defendant, if the Court finds that there is probable cause to believe that the defendant committed certain enumerated offenses. <u>See</u> 18 U.S.C. § 3142(e)(3).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court finds in accordance with the Magistrate Judge's factual findings and legal conclusions that detention is warranted in this case. The Defendant concedes that, based upon the record before the Court, there is a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. While the Defendant has been released on bond for related state charges,

the Court finds and concludes that the Defendant has failed to rebut the presumption of detention.

First, the nature and circumstances of the offenses charged involve a controlled substance. The Defendant is alleged to have conspired to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. [Doc. 3 at 2-3]. The Defendant is also alleged to have possessed with intent to distribute 50 grams or more of actual methamphetamine and aided and abetted the same. [Id. at 11-12]. The nature and circumstances of the Defendant's offenses therefore weighs in favor of detention. See 18 U.S.C. § 3142(g)(1).

Moreover, the weight of the evidence against the Defendant appears to be compelling. At the Defendant's detention hearing, the Government presented the testimony of Officer Brian Leopard, a task force officer employed by the Swain County Sheriff's Office and assigned to the Drug Enforcement Administration. Through Officer Leopard, the Government presented evidence that identified the Defendant as a source of supply of methamphetamine. The Government also proffered evidence that the Defendant was found with methamphetamine in a bag matching a different bag found at the residence of Rebecca Barker, a co-defendant in this case,

and that there were transactions totaling $23,000 between the Defendant and co-defendant Barker. Thus, the weight of the evidence against the Defendant is a factor that also weighs in favor of detention. See 18 U.S.C. § 3142(g)(2).

Further, the record indicates that the Defendant has attempted to flee on two occasions. First, the Defendant attempted to avoid apprehension by driving at a high rate of speed and then fleeing on foot. After she was apprehended, the Defendant also attempted to escape from the Haywood County Detention Center, where she was being held on state charges. The Defendant's history of flight attempts weighs in favor of detention. See 18 U.S.C. § 3142(g)(3).

Having conducted an independent review of the audio recording and transcript of the detention hearing and the Magistrate Judge's Order, as well as having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Defendant's motion to revoke or amend the detention order is denied.

# ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of Order of Detention [Doc. 118], which the Court construes as a Motion to Revoke or Amend the Detention Order, is **DENIED**, and the Defendant shall remain detained.

**IT IS SO ORDERED.**

Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge